Good afternoon.We have two cases this afternoon.The first is Milhouse v.Heath,etal,No.15-2278,Mr.Fogdahl,and Mr.Judge. Thank you,Your Honor.May it please the Court.I'd like to reserve two minutes for rebuttal.It's fine.Thanks so much. Your Honors,in the course of preparing for this argument over the last few days,I confess... Could you speak up a little bit?Yes,absolutely.I was saying that over the course of... It's getting hard to hear.There's still no guy. In preparing for the argument over the last couple of days,some of the arguments have crystallized for me in a way that candidly may be somewhat different from how I was thinking about them when we were writing the briefs. And that's in two respects.The first is with respect to the timing issue that I'd like to start with. The other is with respect to the immunity dismissal in the Doe case. There's a clarification there that I'd like to make,so I do want to get to that. But I'll start with the timing issue because I do believe that that is dispositive of the appeal. Again,as I was preparing,it occurred to me that the government is really making two distinct arguments with respect to the timing of the dismissals in Heath and Doe. The first argument is based on the meaning that the government says the word bring has in 1915G. And I believe with respect to that issue,what we've said in the briefs is what I'd like to say. Obviously,if you have questions about that part of the argument,I'm happy to answer them. But I think the briefs deal with that. What I'd like to turn to is the argument... But the timing argument essentially is what? In other words,you can't bring a civil action,that means you don't begin the time until you're told that you can bring the civil action or get IFP status? That's the argument. The argument is... There's a basic factual premise that I think is wrong underlying the government's argument, which is that the government seems to assume that the mechanics that happen at the district court level, when a complaint is submitted with an IFP application, the complaint is not actually docketed or,strictly speaking,filed until that application is granted. There's a factual assumption that something like that process takes place at the appellate level. That's not the case. Factually,as I understand it,the mechanics are different. When the appeal is filed,when the notice of appeal is filed... When is an appeal an appeal? An appeal is an appeal when the notice of appeal is filed. It is filing of those appeals that is the date we count from for strikes. And that is when the appeal commences. And so this other argument that the government is making, which is based on the language of 1915A1 that talks about authorizing the commencement of a civil action or appeal, there's a separate argument that the government is making there that if the authorization hasn't occurred, because the IFP application has not been granted, that the appeal or the civil action has not commenced. And I think that,just candidly,I don't think that's an argument that we addressed adequately in our briefs. And I do want to address it now,if that's acceptable to your honor. The question I'd like you to address,if you get a chance to, is why shouldn't we conclude that a dismissal entered without prejudice, even though it's a dismissal without prejudice under 12E6,is a strike? So,and I can turn to that,absolutely. So our arguments there,there's four arguments that... The Berg rule,Berg,I guess. Yes,well,right,it does derive from the Berg rule, and that strikes should be ascertainable on the face of the dismissal. Yeah. And this court's discussion in Ball, which referred to the case out of the Fourth Circuit in the McLean case, even though Ball was discussing the dismissal there in the context of failure to exhaust, the reasoning that the court adopted from McLean applies perfectly to the without prejudice dismissal. In what,four or five other circuits,you know,the other way,right? Well,yes,but I want to address those other decisions,your honor. So here,in Ball,what this court said is, following McLean,that the unqualified use of the phrase, failure to state a claim upon which relief may be granted, the unqualified use of that phrase means an adjudication on the merits, a dismissal that adjudicates the merits. Yeah. And this court further said that a dismissal without prejudice is not an adjudication on the merits and therefore is excluded from the plain meaning of that unqualified use. We have two contradictory terms,dispense under 12b-6 and without prejudice. We can't dismiss under 12b-6 unless there's no cause of action that's planned. Yes. Then they say without prejudice. But I think there's an important distinction that needs to be made between dismissal of the action and dismissal of the complaint. And 1915G,when we're talking about proceedings in the district court as opposed to the appellate court, in the district court,1915G is very clear in referring to actions,not complaints. And generally speaking,when a complaint is dismissed without prejudice, what the district court is saying is that the complaint itself hasn't been adequately pled, and that's really a dismissal of the complaint. It's not a dismissal of the underlying action. But once you do that and deny the chance to amend, isn't that game set and match for that particular complaint slash action? I agree with you,Your Honor. If there's an explicit,looking at the face of the dismissal, if there's an explicit prohibition of leave to amend, that may then become a dismissal of the action. That's the equivalent of a dismissal with prejudice. Say that one more time. That's the equivalent of a dismissal with prejudice. Agreed,agreed,agreed. Except here,what you have is,and if we're talking about the dismissal in Milhouse v. Heath, what you have is ambiguity on the face of the district court's decision. Okay,but if you have the ambiguity,and you just make a dismissal in 12b-6, you don't say with prejudice or without prejudice. You say nothing. Right. That's a strike. Actually,let me add on to that. 1915g doesn't make a distinction between with prejudice or without prejudice,does it? It does not,but it does talk about dismissal of the action as opposed to the complaint. And if the... I'm going to ask a dumb question. What do you think the difference is? Between dismissal of the action versus dismissal of the complaint? Again,to my mind,if a district court is saying,the allegations in this pleading are,as stated, are not sufficient to state a claim,but I'm going to dismiss the complaint without prejudice, that is telling the plaintiff,you can attempt to refile this complaint. And that's a dismissal of the complaint as opposed to a dismissal of the action. Okay,but if the court says nothing,just says dismiss under 12b-6,that's a strike,isn't it? Yes. All right. The only thing you say is if the court modifies that dismissal without prejudice... Yes,Your Honor. ...then it is not a strike. Yes. Although you recognize that generally speaking,a dismissal under 12b-6 without saying anything, or either way,is a strike. Yes. Okay. Of course,your position is very acute because you wanted to say at the time of the filing of the notice of appeal, we count no strikes after that. But you're trying to say we don't have to reach these other issues that are plaguing the judiciary as to what's a strike and what's not a strike. In these unity cases,these employment cases and so forth, and you're trying to cut it off at the pass,so to speak. Is that correct? Sure,yes. In other words,the timing issue is dispositive. You count strikes that accrue before the notice of appeal. So if we accept your position that the date of the filing of the notice of complaint is the date we start counting strikes from, if we accept that,we don't have to resolve the other issues that are flying around as to when is it a strike,when it's immunity,when it's exhaustion and so forth and so on. Is that correct? Yes. Yes. That's correct. On the question,you've got the Bledsoe case,which is a strike. Correct? Yes. So now the question then becomes whether Heath 2 and Doe become strikes. In Doe,he was denied leave to amend the complaint. Yes. And wouldn't the proper path then have been to appeal directly? I don't think the status of a dismissal as a strike depends on whether an appeal is filed from that dismissal. If a dismissal is a strike,it's a strike at the moment it's entered. If it's not a strike,it's not a strike at the moment it's entered. And it doesn't become a strike based on a subsequent decision by the plaintiff,whether that's in the case of Heath choosing not to amend or in the case of Doe choosing not to appeal. Those subsequent events,and again I think this is a corollary of what this court said in Byrd, that you ascertain whether a dismissal is a strike based on the face of the dismissal and so it can't depend on subsequent events like whether an appeal was filed. And I think that's consistent with what the Supreme Court said in the Coleman case, where many courts,and I think including this one, had held that a strike,a dismissal is not a strike until it becomes the dismissal is final. You know,the appellate review has been exhausted. And the Supreme Court essentially said,no,that's wrong. If a dismissal is a strike,it's a strike at the moment it's entered. If it's not a strike at the moment it's entered,it doesn't become a strike later on. I hope that's responsive to your other question. What if the case is dismissed at the screening stage? Before they get to 4B6? Right,yes. If the case is dismissed? Yes. Is there a strike? Yes. I answered that question too hastily. I mean,it's a strike if the dismissal is on one of the grounds enumerated in Burr. Well,you're arguing that it's a strike if it's a 12B6 dismissal, but you're saying it's not a strike if it's dismissed because the defendants are immune on the face of the complaint or failure to exhaust. These are affirmative defenses,and a dismissal is not a dismissal for failure to state a claim. There's no claim that can be... Yes. In other words,you're trying to hedge your bets in the event you don't win by saying, by us agreeing with you that the date in the filing of the complaint is the crucial date to measure a strike. Yes. If you lose a bet,you're trying to say that it's still not a strike if it's a strike that's in case dismissed by reason of immunity or the other affirmative defenses that dismiss cases. You can fairly say we are trying to hedge our bets,yes,Your Honor. Well,it's not wrong. I'm saying it's a totally proper position to take. I appreciate it. Could you go back and deal with me on McLean and how our decision in Ball,even though it cites McLean, really is the same as McLean. McLean says that a dismissal without prejudice is not an adjudication on the merits, but all that Ball said is a dismissal for failure to exhaust without prejudice is not an adjudication on the merits. I agree with that,Your Honor,but the reasoning that the court adopted in Ball, the court adopted from McLean the principle that the unqualified phrase, failure to state a claim upon which relief may be granted, the use of that unqualified phrase references an adjudication on the merits. The court recognized that in Ball. And also,as I recall the footnote where this is discussed in Ball in my mind, I believe the court then said,and a dismissal without prejudice is not an adjudication on the merits. So the two principles that were operative in McLean were recognized by this court in Ball. Well,you want us to go again with Ball and the Fourth Circuit, but you want us to completely turn our backs on the Seventh,Eighth,Ninth,Fifth,Tenth Circuit. Yeah,I mean,you know,what are we,causing a Supreme Court case here? That's what you're arguing. Quite possibly,but I have to argue it,not us. I agree,but I believe that split already exists. And I believe this court,in following the reasoning in McLean, essentially has decided how the analysis works with respect to a dismissal without prejudice. Your Honor,I do not want to trespass on your time. I did not get to address what I wanted to say about the immunity dismissal. We still have some other questions,so you're on our time anyway. Go ahead. Okay. So,in rereading the briefs that we submitted in preparing for argument, the way we discussed the dismissal in Doe,in our opening brief, suggested,to my mind,as I reread the brief, suggested that we were implying that this court should be reviewing for correctness the district court's decision whether to grant leave. So,in Doe,the district court dismissed on immunity grounds and didn't consider whether or not to grant leave to amend to try to state a claim against non-immune defendants. And I believe that as we expressed the argument in the brief, it could be led to suggest that we were telling this court that it should be reviewing that decision for correctness and finding that that decision by the district court was incorrect. That is not the way that I would frame the argument as I stand here today because I don't think that's right. What I would say here today is that the dismissal in Doe is not a strike because you cannot ascertain from the face of the dismissal whether the district court evaluated if the pleading could be amended to state a claim against non-immune defendants. And I think you get to that result in the following way. I believe the reason why immunity, a dismissal on the basis of immunity, is carved out of 1915G. That's not one of the recognized strikes under 1915G. I believe that's the case because, again, 1915G is focusing on actions, dismissals of actions. And the immunity defense is something that applies not to actions but to individual defendants. An individual defendant is either immune or they're not. And a dismissal of a defendant, because they're immune, doesn't itself amount to a dismissal of the action. And so that doesn't constitute a strike. You only get a strike if, as I understand, reading what this court said in Urtia and Ball, you only get a strike if the district court,  further finds that the complaint cannot be amended to state a claim against non-immune defendants. So the district court has to state one way or the other? Yes. Are they going to allow an amendment? Yes, yes. Only then do you have a dismissal of the action. Essentially, only then do you have an adjudication on the merits that the action does not state a claim based on immunity. But the district court would have to say it would be futile. And then it would be futile. The district court would say the name. So in the case of Doe, in this case, the case of Doe, what the district court should say is the named defendants are immune and there's no way to repair this complaint by amending it to state a claim against non-immune defendants. And because that didn't happen, it's not a strike on the face of a dismissal. Thank you for allowing it. Well, if the court dismissed with prejudice, right? Yes, yes, but did not evaluate. It dismissed what the court, and I can. So the court in Doe did three things. First, and I appreciate you allowing me this additional time. No problem. Tough case. So what the court in Doe said is, first, it said, the complaint clearly fails to allege a failure to protect claim. Milhouse has not alleged any facts from which it could be concluded that prison officials failed to protect him. That's what the court says about non-immune defendants. But the court doesn't then say whether that failure is curable or not. Then the court says, based upon the above legal standards, it is clear that any claim against the unidentified judges are not cognizable, but again, doesn't say whether claims against other parties might be cognizable. And then lastly, the court says, Milhouse has only named defendants who have absolute immunity, and it would be inequitable and futile to grant Milhouse an opportunity to file an amended complaint against those defendants. But the court doesn't say anything about other defendants. Is that responsive to your question? Let's assume for the moment. We'll get you back on rebuttal. Okay. Because you're going to see some questions we're going to ask of your opposing counsel. Okay, thank you, Your Honor. You're welcome. May it please the court, Timothy Judge from the United States Attorney's Office for the Middle District of Pennsylvania on behalf of the appellees in their official capacities. Let's start with, is there, 1915 refers to previous dismissals of actions, not complaints. Is there a difference? No, Your Honor. Because? Because if Congress wanted to differentiate between complaints and actions, it could have stated as much. Instead, it stated dismissal of the action, all claims within that case. So you don't make a distinction between a complaint and an action? I don't make a distinction between dismissals of the complaint, which resolves all the claims in the case, and dismissal of the action. Those are synonymous terms. Let's just take, for example, Doe, as we were just talking about. It was a dismissal against certain individuals who can't be sued. They have immunity. Is that a dismissal against persons, or is that a dismissal of an entire action? It was action. That's both, Your Honor. It's dismissal of the entire action, because all of the claims are against three individual defendants who are entitled to immunity. But I don't believe, as I read Doe, it rested upon immunity as the basis for the dismissal. The court explicitly stated that the reason for the dismissal was under 1915 E2B2, and that it was for failure to state a claim upon which relief can be granted. And what it stated was that the complaint failed to state any cognizable claim against those three defendants, the judges of the Third Circuit, the Judge John Doe of the Third Circuit. There was no claim that could be made against them. And so it dismissed it for failure to state a claim. Well, that's not so. There is a claim against the judges. It's an affirmative defense. If the judges don't raise that on an answer, the claim goes forward.  So you completely reject the McLean Fourth Circuit analysis on anything like this. Is that it? Yes. The Fourth Circuit analysis for immunity, well, it's the same thing here. That we're suing the judge, and the judge has immunity, and it never went beyond the complaint stage, and it was dismissed, but there was never any answer or file. And on immunity cases, I think judges always raise the immunity defense, but there are many cases in which the defense is not assertive and for reasons, good reasons, including not only immunity cases but exhausted cases, so that it would be hard for us to say that Congress thought that it was a dismissal for being frivolous when a case was dismissed knowing that there were potentially other defendants who could have been sued for the same underlying reasons set forth in the claim, which has immunity defenses if asserted affirmatively. Well, in Ball, recognizing that immunity, even absolute immunity, has some exceptions. So I don't believe, as I read Doe, the basis for the dismissal was immunity. I believe that was the basis for denying leave to amend, finding it was inequitable and futile to permit amendment because the only named defendants were entitled to immunity in this situation. As I read, and as opposing counsel pointed out, the sections where the court specifically recognized there was no constitutional claim as to those defendants. That, I believe, is a different language that the district court relied upon in reaching its conclusion that the case failed to state a claim upon which relief may be granted under 1915 E2B2 against these defendants, right? So what if the complaint had been amended to include different defendants that didn't have the immunity defense? Well, that would be a possibility, but in this case, the only named defendants in the complaint were the three John Doe judges. Those defendants never issued an answer to the complaint, and it may have raised a cause of action if they didn't assert an affirmative defense. However, Ball permits the court, upon screening, to determine whether or not it states a claim in the first instance, and in the second instance, to determine whether or not leave to amend should be granted. In this case, it used its discretion not to permit amendment because they were also entitled to absolute immunity on the face of the complaint. I know, but you have the judge who's dismissing it determine whether or not it should go forward on an answer for the people that are entitled to an immunity defense, whether to raise it or entitled to an exhausted defense where they want to raise it. And, you know, you have a statute here which is taking away certain rights from people to litigate, whether they be prisoners or whatever, and I think we have to very cautiously and narrowly evaluate and look at that statute. And what would be wrong with saying, as some of the circuits have, that as long as the dismissal is specifically stated without prejudice, even if it says a 12B6, or a dismissal based on affirmative defenses, which the judge enters without ever hearing from the defendant, that it's not a strike? As I understand the question, Judge, the dismissal without prejudice, why should that be a strike in the first instance? Well, any dismissal where the judge says without prejudice is obviously, the judge, it's, in many ways, it's contradictory in itself. The dismissal under 12B6 would say without prejudice, but for some reason the judge put without prejudice, and I think, you don't know why the judge said that, but obviously he had some reason to think there was something there. And that, number one, I fail to see why that should be a strike when the person that dismissed it, himself, thought that there was something else there to be planned. And, of course, when you get to the immunity defenses and the other defenses which are affirmative defenses, where you've never heard from the defendant in the first place, a judge where, you know, Sue Esponte entered the dismissal, it would be hard to say that that is a dismissal on the merits. It's a completely frivolous suit because we never heard from the defendant as to whether or not they want to go forward with the case and not assert those affirmative defenses or the other immunity defenses or exhausted or whatever defenses are that are affirmative. To take your last point first, Judge, the dismissals based on immunity, having not heard from the named defendants in the case, the screening provisions that were set up to attempt to reduce the overwhelming amount of prisoner lawsuits and IFP lawsuits that have been filed was designed specifically for that, to see if the defense applied on its face and then weed them out without requiring an answer and additional resources. How did you get that from the legislative history, that they want the judge to assert the rights of defendants to immunity or exhaustion? I read that from my understanding of Ball, Your Honor, where it recognized that certain affirmative defenses such as exhaustion... Yeah, but you say a legislative history. I don't see any legislative history to that effect. I'm not aware of any either, Your Honor. All right. I agree with you hotly. There's no legislative history that says... And it would appear to be logical that if it's an immunity defense, it's not a dismissal on the merits. But yet Ball recognized from this court that it could be a dismissal that counts as a strike. Could be. It could be. But not necessarily is. But not necessarily is. That's correct. And Ball set forth the test for that and included for affirmative defenses specifically that it needed to be with prejudice. And that's where McLean... If the judge specifically said, with prejudice, then I agree with you. If the dismissal says, even if it's immunity defense or other affirmative defenses that could have been asserted, if the judge specifically says, with prejudice, I agree with you, the judge went beyond the usual and said that under no circumstances could this go forward. But we're not dealing with that as a matter of how this case should be resolved. As I already do, Your Honor, it was with prejudice. With Heath, it was without prejudice. I think that's part of it. Heath was without prejudice. There was no immunity issue. I misspoke. But there was a denial of the motion to amend in Heath, right? There was a denial of motion to amend in... Well, not a motion to amend, but denial of leave to amend in both of those cases. But let me see if I can take it maybe a different path. Let's assume for the moment that there are three strikes, that there is Bledsoe, there is Heath 2, and there is Doe. Does that completely resolve the case based on a literal reading of 1915G coupled with A? 1915A says, provides that any court in the United States may authorize the commencement of any suit, action, or proceeding or appeal without any payment of fees. And that suggests to me that an IFP action is not brought under the PLRA simply by filing a complaint. It seems to me that that might be when the approval is given. And then I'll come back to that. You go to 1915G, the literal words, in no event shall a prisoner bring a civil action or appeal, etc., on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on grounds of being frivolous, malicious, or a failure to state a claim. Eruzia, our 1996 case, seems to talk about a determination of whether the prisoner may bring an IFP action. The decision has to be made before the litigation may commence. And then our Gibbs case from 1998, that Judge McKee wrote, talks about an action was brought when the motion to proceed IFP was granted. In our case, and Eruzia says that there can be examples of efflubitoling, in our case, if I recall, the appeals were filed in Heath and Doe, respectively, in May and June of, I guess, 2015 or something like that. There were no appeals filed for this. I'm sorry. The appeal was here filed. In May. May. Correct. And the clerk's office didn't decide or didn't do anything with the matter for a number of months, right? It had been stayed. Correct. Pending the resolution, Millhouse v. Sage. And Millhouse v. Sage came down. I was on that panel. And then you had, in the interim, Heath and Doe being decided? Correct. Okay. If, for one, not read the literal language of 1915A and G to say that even if these cases count as strikes for the future from today, they don't necessarily count for this particular appeal? I don't believe that's how 1915 should be interpreted. I believe that 1915G should be interpreted that prior occasions includes any strike that would accrue pending the granting of IFP. But you agree that if we adopt the rule which your adversary says we should, namely that the date of the appeal, the filing of the notice of appeal is the crucial date, that we don't have to resolve the rest of this. There's not three strikes as of that date. We agree with that, Your Honor. All right. So that's a crucial decision that we have to make first before we do this. And if we make it in favor of your adversary, we don't have to resolve the rest of the issues which you pose for adjudication. I believe that's correct, Your Honor. I believe that's a threshold issue as to whether the timing in the first place, if these strikes could accrue, prior to this court authorizing the appeal to commence, and that the ministerial task of merely submitting the IFP paperwork and a notice to appeal as 1915 sets forth in A1, that's not the timing as to when the appeal actually commences. And this isn't a blank slate for this court. But the cases I just quoted to you, won't the appeals commence when we authorize it to do so by granting IFP status? If this court were to grant IFP status, then it's our position that that's the operative date when the appeal would commence. But we have precedent that a prisoner seeking IFP status should not be penalized by court delay. And we certainly delayed quite a while. In other certain situations, such as whether or not amendment relates back, and whether or not statute of limitations relate back. Yeah, that's what EURITSEO is about, is the statute of limitations. If I remember, EURITSEO was about the relation back under 15C to bring in additional main parties, and the 120 days was going to expire. There was a case that EURITSEO relied upon, McDowell, that wasn't cited in our brief, but EURITSEO relied upon, which did, in fact, deal with statute of limitations also relating back, if the case was, once IFP is granted, so that the statute of limitations would relate back at that time. For those particular issues, the court has permitted that. However, 1915, Congress has put a filter on the number of suits that can be brought. And in this particular case, Congress carved out, for the privilege of IFP, certain restrictions. One of those restrictions being that you can approve strikes up until the moment the court authorizes it to commence. And in Coleman, that's referenced by Pellin in this case, as well as us in our brief, Coleman indicated that in order to effectuate the purpose of the statute, and in order to not have a leaky filter on these cases, he was reading the entire statute in context where appellate proceedings and district court proceedings were read as different points in time. Similarly, with 1915A1, A2, and 1915G, the statute contemplates two different points in time, submission of documents to the court, and commencement authorized by the court. And those are two very different points in time for the purposes of the statute, which includes whether or not strikes would accrue prior to the commencement, and whether or not the proceeding may move forward in its ordinary term. But if Heath 2 and Pell came down between the time of the appeal and the granting or consideration of IFP status, would that not be an argument for equitable tolling? I see no time, so I'm going to continue. Yeah, it's been up for a while. Don't worry about it. It could be an argument for equitable tolling, but equitable tolling under 1915, where Congress has stated that in no case should an appeal proceed without the court authorizing commencement, that says to me that equitable tolling shouldn't apply in that situation. Because this is also an appellant who has brought, at least on three prior occasions, suits that have been dismissed for one of the innumerated reasons that causes the backlog on the courts. And it stated either a frivolous claim or a malicious claim, or one that failed to state a claim upon which relief can be granted. And to give effectuation to the entire statute would require that the filter not be leaky, but instead that those actions would accrue against it until the court authorized commencement of the appeal. So if we agreed with you, what's your position on the imminent danger exception? In this particular case, Your Honor, the record does not demonstrate imminent danger at the particular time that the appeal was commenced. So in this case, it would be on the date on which the court authorizes it to proceed. So if the court granted IFP or denied IFP and found that, well, we need to move to the next exception on that date, there's no record that Millhouse is in an imminent danger. Millhouse raises numerous conditions of confinement claims, medical claims, large ranging conspiracies between various different prison officials, but none of it demonstrates the immediate danger to his well-being as contemplated by Abdul-Akbar. Rather, those claims are exactly what they appear to be, conditions of confinement claims, isolated incidents that aren't related to some continuing pattern of abuse that demonstrates an immediate danger to him. And additionally, this was before the district court, and the district court was free to weigh whether or not it saw an imminent danger to him, and it was presented with evidence in a record such as claims by him that he was fearful of his cellmate that were dated December 1st, 2014, December 8th, 2014, the time stamped by the prison after the assault, December 29th, 2014, December 31st, 2014. The assault happened in the middle. Those are credibility issues as to the evidence of imminent danger that the district court resolved against him. Okay. Thank you very much. Thank you. Mr. Paco. Quickly, Your Honor, on the without prejudice issue. It is true, as counsel said, that the statute doesn't distinguish between without prejudice and with prejudice, but the statute also doesn't distinguish leave to amend. And so a dismissal for failure to state a claim with explicit permission to amend in 20 days or 30 days or whatever the district court allows, that also would count as a, I mean, if we're going to allow without prejudice dismissals to be strikes, those dismissals will also be strikes, and they clearly can't be strikes. So that's without prejudice. On Your Honor's, Judge Ambrose, your analysis of 1915A1MG, I think is consistent with what I was saying in that it could be that Heath and Doe are strikes going forward, but not strikes for purposes of this appeal. I would analyze it differently and simply say that the appeal commences when the notice of appeal is filed, and that's the end of it. I do think 1915A1, which does reference authorization to commence a civil action or appeal, is not saying that the appeal does not commence until the authorization is granted. I think the word authorization is really talking about simply authorization to proceed without paying another fees. It's not saying that the appeal is a nullity until that authorization is granted. I think there would be jurisdictional issues. For example, the 30-day appeal period is jurisdictional. If the authorization is granted after that's expired, there would be questions about jurisdiction. You could deal with that by simply saying that the appeal relates back to the date of filing. When there's authorization, the appeal relates back to the date the notice was filed. There's similar language in Eurotea, and I think I'm mispronouncing that. I'm not pronouncing it the way Your Honor did. In footnote 8, the court says that even if the complaint is not filed until after the statute runs, but is submitted to the clerk before the statute runs,  so you could apply a similar analysis on appeal. But I just think it's simpler to say that the appeal commences when the notice is filed. I don't think 1915A1 says anything different than that. It's simpler, but it seems to run a little bit counter to Eurotea and perhaps Gibbs as well, at least by analogy. I don't think Gibbs or the other cases cited by the government are addressing the... Those came up in the context of other issues where the court happened to make observations about the screening process and how it worked. I don't believe those are holdings about, for example, what the meaning of the word bring is. For example, in Gibbs, the issue there was whether IFP status could be revoked. That was the issue, and the court said no. But the court said on page 162, 160F3rd at 162, the action was brought when the motion to proceed in form of paupers was granted. But I think that is, to the extent that that's a comment on what the meaning of brought is, I do think it's dicta, because whether you construed brought as when the complaint is submitted, or you construed brought as when IFP status is granted, both of those events had occurred before the enactment of the PLRA. The only issue in Gibbs was whether the status could be revoked once the PLRA took effect. And so I think any commentary about what it would constitute to bring the action is dicta in Gibbs. But in Uruzia it says only the court may authorize the commencement of any suit without payment of fees.  Dot, dot, dot. Because a determination of whether a prisoner has exceeded the allowable number of frivolous or other inadequate in form of paupers actions will have to be made before the litigation may commence. Right. And I do believe, Your Honor, that that's commenting on the screening process under 1915A. And the plain terms of 1915A is referencing a complaint. It's not talking about an appeal.  So I do not believe that the same screening process concept applies on appeal. The appeal is effective when the notice of appeal is filed. And the screening process as contemplated under 1915A is something that is a creature of the district court and not this court. And would Your Honor like me to address the imminent danger issue?  Thank you. Thank you very much. Thank you to both counsel for very well presented arguments. And also, Mr. Pogba, I believe you took this case pro bono. Thank you very much. Most appreciated. I would ask if there could be a transcript, a parent of this whole argument, and if the government would pick that up, please. Thank you very much. Well done. Thank you, Your Honor.